**IT IS ORDERED as set forth below:**



**Date: December 22, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **MOHAMMAD ASIF BALAGAMWALA,** | : | CASE NO. **25-60595-PMB** |
| | : | |
| Debtor. | : | CHAPTER 7 |
| | : | |
| **FRANCIS JARRETT** | : | |
| **and DAMEATRA JARRETT,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | NO. **25-5167** |
| **MOHAMMAD ASIF BALAGAMWALA,** | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING IN PART AND DENYING
## IN PART DEBTOR'S MOTION TO DISMISS COMPLAINT

This matter is before the Court on the *Defendant's Rule 12(b)(6) Motion to Dismiss Complaint and Memorandum in Support* filed by the Debtor-Defendant Mohammad Asif Balagamwala (the "Debtor") on October 16, 2025 (Docket No. 3)(the "Motion to Dismiss"). The

Plaintiffs herein, Francis Jarrett and Dameatra Jarrett (the "Plaintiffs"), filed *Plaintiff's Response to Defendant's Motion to Dismiss* on November 3, 2025 (Docket No. 4)(the "Response"). The Plaintiffs commenced this Adversary Proceeding (the "Adversary Proceeding") through the filing of a *Complaint for Determination of Dischargeability of Debt and Objection to Discharge* against the Debtor on September 15, 2025 (Docket No. 1)(the "Complaint").[1]

### Standard of Review for Dismissal[2]

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) (applied herein through Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012(b)) if it fails "to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6) is viewed through F.R.C.P. 8(a), which requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* F.R.C.P. 8(a)(2) and F.R.B.P. 7008. Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[3] In addition, pursuant to F.R.C.P. 9(b), applicable through F.R.B.P. 7009, fraud must be pled with particularity and,

---

[1] The Court previously had a hearing in this case on a *Motion to Extend the Automatic Stay* (Main Case Docket No. 11) on October 6, 2025 (the "October Hearing"), that was granted. *See* Main Case Docket No. 18. This Motion was filed in connection with the Plaintiffs' efforts to prosecute a contempt action against the Debtor as related to certain state court litigation for failure to turnover various stock certificates, and to allow time for this Adversary Proceeding to move forward to an adjudication on the issue of nondischargeability.

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D. Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

although malice and intent may be alleged generally, facts regarding time, place, and content of any alleged misrepresentations must be provided.[4]

Evaluating a motion to dismiss, the Court's inquiry is limited "to the legal feasibility of the complaint and whether it contains facts and not just labels or conclusory statements." *In re Lafayette*, 561 B.R. 917, 922 (Bankr. N.D. Ga. 2016).[5] The Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." *In re American Berber, Inc.*, 625 B.R. 125, 128 (Bankr. N.D. Ga. 2020)(citations omitted); *see also In re Adetayo*, 2020 WL 2175659, *1 (Bankr. N.D. Ga. May 5, 2020), citing *Ashcroft, supra*, 556 U.S. at 678, quoting *Twombly, supra*, 550 U.S. at 570. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft, supra*, 556 U.S. at 679. A claim has "facial plausibility" when the facts alleged permit a reasonable inference that the defendant is liable on the grounds asserted. *Bank of Am. v. Seligman (In re Seligman)*, 478 B.R. 497, 501 (Bankr. N.D. Ga. 2012)(citations omitted).

When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft, supra*, 556 U.S. at 679, quoting F.R.C.P. 8(a)(2). In addition, dismissal is

---

[4] *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 833 (11th Cir. 2003); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *Eden v. Eden (In re Eden)*, 584 B.R. 795, 803-04 (Bankr. N.D. Ga. 2018).

[5] A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under a viable legal theory." *Almanza, supra*, 851 F.3d at 1066.

proper "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## Factual Allegations

In the Complaint, the Plaintiffs seek a determination that a certain obligation in the total amount of $790,186 owed to them by the Debtor (the "Obligation") should be excepted from the Debtor's discharge in this case under 11 U.S.C. § 523(a)(2)(A).[6] The Obligation is based on entry of an *Amended Final Order and Judgment as to Defendant Asif Balagamwaca* [sic][7] *Only* by the Superior Court of Fulton County, Georgia (the "Superior Court"), in Civil Action No. 2018CV314564 (the "Civil Action") on August 26, 2019 (the "Superior Court Judgment")(attached to Complaint as Exhibit D) awarding damages, including punitive damages, The Plaintiffs initiated the Civil Action by filing a *Complaint* on December 21, 2018 (the "Superior Court Complaint")[8] in connection with the Debtor's alleged role in a fraudulent transfer of

---

[6] The Plaintiffs also appear to assert an objection to discharge (Complaint, ¶ 6), which is addressed below, and seek attorneys' fees under O.C.G.A. § 13-6-11.

[7] The Debtor corrected the spelling of his name in the *Defendants' Joint Answer and Defenses* (the "Defendants' Answer"), attached to Complaint as Exhibit B.

[8] The Civil Action was styled *Francis Jarrett and Dameatra Jarrett v. Green Parts International Inc., and Asif Balagamwaca* [sic]. The Superior Court Complaint contained the following counts: (I) Alter Ego; (II) Actual Fraudulent Transfer Under O.C.G.A. § 18-2-74(a)(1); (III) Constructive Fraudulent Transfer Under O.C.G.A. § 18-2-74(a)(2); (IV) Action to Set Aside Fraudulent Transfer; (V) Punitive Damages; and (VI) Attorney's Fees and Expenses. *See* Superior Court Complaint, attached to the Complaint as Exhibit A. The defending parties in the Civil Action filed Defendants' Answer therein on February 4, 2019.

4

property from Greenparts, Inc. to Green Parts International, Inc. to evade liability from another judgment that had previously obtained by the Plaintiffs.[9]

Specifically, the Plaintiffs allege that as the president of Greenparts, Inc., the Debtor devised and executed a fraudulent scheme by transferring the assets of Greenparts, Inc. to Green Parts International, Inc. as an alter ego, which he created for this purpose. The Debtor also served as president of Green Parts International, Inc. and owns one hundred (100%) percent of the shares of its stock. In perpetrating this allegedly fraudulent scheme, which was not supported by any consideration, the Plaintiffs contend that the Debtor caused an abuse of the corporate form between these two (2) corporate entities and himself resulting in economic injury to the Plaintiffs. See Complaint, ¶¶ 28-30.

Default judgment was entered against the Debtor and Green Parts International Inc. in the Civil Action on April 24, 2019, through an *Order and Rule Nisi* (attached to the Complaint as Exhibit C)(the "Superior Court Order"). In the Superior Court Order, the Superior Court ordered that the Defendants' Answer be stricken due to their unexcused absence from a case management conference as scheduled by the Superior Court. As mentioned above, following a hearing on liquidated damages as set by the Superior Court Order, the Plaintiffs received a monetary award against the Debtor on August 26, 2019, through entry of the Superior Court Judgment.

---

[9] Based on a complaint for personal injury filed in the Fulton County State Court on August 6, 2014, the Plaintiffs entered into a *Consent Judgment* with Greenparts, Inc. on February 16, 2018 (the "Prior Judgment"). This suit was styled *Francis Jarrett and Dameatra Jarrett v. Greenparts, Inc. d/b/a Samson Auto Parts* (Civil Action File No. 14EV001735Y). The Debtor does not appear to have been a named party to that lawsuit. Green Parts International, Inc. filed its own bankruptcy case under Chapter 11 on March 5, 2019, Case No. 19-53617-PMB. An *Order and Final Decree* were entered on May 26, 2021, and that case has been closed.

**Discussion**

On proper proof, "any debt ... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" may be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).[10]  A debt is excepted from discharge under this provision when it occurs "in relation to the commission of 'positive or actual fraud involving moral turpitude or intentional wrongdoing.'" *Invest Atlanta Reg'l Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 875 (Bankr. N.D. Ga. 2017)(citations omitted).  Further, "'legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient.'"  *Id.* at 876 (citations omitted).  To succeed on a claim under Section 523(a)(2)(A), a creditor must show that the debtor "'obtained money, property or credit from the Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiff actually and justifiably relied; and (5) from which the Plaintiff suffered damages, injury or loss as a proximate result.'"  *Id.* at 876 (citations omitted).

In the Motion to Dismiss, the Debtor argues that irrespective of whether the underlying debt arises from the personal injury claim whose disposition is set forth in the Prior Judgment, or from the subsequent voidable transfer claim described in the Superior Court Order and Superior Court Judgment, such claims are not of the type that support an action for nondischargeability

---

[10] Based on the presumption under 11 U.S.C. § 727(b) that all debts are dischargeable, a party contending to the contrary under an exception to dischargeability bears the burden of proof and must establish its claim by a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 287-88, 291 (1991).

under 11 U.S.C. § 523(a)(2)(A). Further, the Debtor contends that the Plaintiffs have failed to plead fraud with sufficient particularity as required by F.R.C.P. 9(b).

In essence, the Debtor asserts that, even assuming the debt at issue derives from the transfer of assets from Greenparts, Inc. to Green Parts International, Inc. and that same was fraudulent and/or voidable under Georgia law, "*that debt* would arise from liability after a voidable transfer of corporate assets in an attempt to evade liability under a personal injury judgment of a corporation controlled by the Defendant, *not from a false statement* of the Defendant to the Plaintiffs." Debtor's Response, p. 6 (emphasis supplied). Moreover, since the Superior Court Order and Superior Court Judgment were entered in a circumstance of default, the voidable transfer claim was not actually litigated. Because a personal injury claim arises not from fraud but negligence, and since any voidable transfer claim "did not have its origin in a false statement of the Defendant to the Plaintiffs," it is the Debtor's position that no plausible claim for relief in the form of a finding of exception to discharge has been made and indeed, could not be made even if the Complaint was amended. Motion to Dismiss, p. 7.

First, the Plaintiffs are correct that in proper circumstances, findings of fact in a state court default judgment can support a claim for relief under Section 523(a)(2) under the doctrine of issue preclusion. As the Defendants' Answer was stricken in the Civil Action, the allegations in the Superior Court Complaint are taken as admitted and the Debtor is collaterally estopped from relitigating those allegations in this Adversary Proceeding. Secondly, this Court also agrees that the Debtor appears to conflate the Prior Judgment and the Superior Court Order and Superior Court Judgment in describing the claim that the Plaintiffs are seeking to be excepted from discharge. It

is apparent from the pleadings that although they bear some relation, the debt at issue herein is set forth in the latter and sounds in fraud as opposed to the former.

Thirdly, it is not necessary for the Plaintiffs to allege the Debtor made a false statement regarding the fraudulent transfers or assets transferred, or entered into an agreement on which the Plaintiffs relied to their harm, to assert a plausible claim for relief under Section 523(a)(2)(A) since this discharge exception must be construed more broadly. As held by the United States Supreme Court, "'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359 (2016). *See also In re Vandeford*, 2015 WL 1736486, at *2 (Bankr. N.D. Ga. Apr. 13, 2015)(citations omitted)(under this exception, 'actual fraud' reaches any attempt by someone to trick, cheat, or gain an unfair advantage over another to their detriment); Plaintiffs' Response, p. 5. In cases such as these, "the fraudulent conduct is not in dishonestly inducing a creditor to extend a debt. It is in the acts of concealment and hindrance." *Husky*, *supra*, 578 U.S. at 362.

Two recent cases by the Eleventh Circuit discussing *Husky, supra*, further clarify the proper application of this discharge exception. First, in the case of *In Re Gaddy*, 977 F.3d 1051, 1057 (11th Cir. 2020), in contrast to the facts in *Husky*, the Eleventh Circuit was careful to draw a distinction between the fact that the transferor-debtor in *Gaddy already* owed the creditor via a loan guaranty, and the allegation that the debtor fraudulently transferred assets to frustrate its collection did not convert the underlying obligation into a debt obtained by fraud. Subsequently reviewing both *Husky* and *Gaddy*, *supra*, in *PRN Real Estate & Inv., Ltd. v. Cole*, 85 F.4th 1324, 1346 (11th Cir. 2023), the Eleventh Circuit concluded that "[i]n short, the [Supreme] Court agreed that § 523(a)(2)(A) cannot apply to the party who fraudulently transferred money because his debt

8

preexisted the fraud." However, "while it 'may be rare,' *id.*, § 523(a)(2)(A) can apply to the party who received the money because his debt resulted from the fraudulent transfer." *PRN Real Estate*, *supra*, citing *Husky, supra*, 578 U.S. at 365.

As explained in *PRN Real Estate*, when a state law alter ego claim is proven, the debtor-defendant who participated in the transfer to hinder collection on a corporate debt becomes personally liable on the obligation of the corporate transferee. Because the resulting debt is created through the individual's role in the fraudulent transfer on behalf of the transferee, it is obtained by actual fraud and can support a viable *Husky* claim under Section 523(a)(2)(A). *PRN Real Estate*, *supra*, 85 F.4th at 1347-49.

Factually speaking, this case is more closely aligned with *PRN Real Estate* because the Debtor's Obligation or debt to the Plaintiffs can be plausibly traced to his fraudulent receipt of money or creation of a debt through corporate entities he controlled. *See* Complaint, ¶ 25.[11] Here, the Debtor was not judged liable in the Prior Judgment and was not even a party to that litigation. *See* Exhibit E, attached to the Complaint. Under the language of the statute, he only took on or possessed a debt for money obtained by fraud when he was found liable for violating Georgia's corporate veil-piercing law in connection with the transfer at issue.

Based on the foregoing, the Plaintiffs have alleged a plausible claim that the Obligation created by the Superior Court Order and Superior Court Judgment was obtained by fraud and is subject to exemption from discharge herein under Section 523(a)(2)(A).

---

[11] During the October Hearing, counsel for the Plaintiffs indicated there may be a separate claim for the Debtor's transfer of his own property or income to Green Parts International. These would be matters for the Chapter 7 Trustee to investigate.

Finally, with respect to Plaintiffs' objection to the Debtor's discharge, other than a brief conclusory reference to same in the Complaint, Plaintiffs cite no statutory basis or specific factual allegations on which to support such a claim on any plausible grounds, and thus the claim should be dismissed.[12]

## Conclusion

Based on the foregoing discussion, it is

**ORDERED** that the Motion to Dismiss is **DENIED** as to the Plaintiffs' claim for nondischargeability of debt in the Complaint under 11 U.S.C. § 523(a)(2)(A).

It is further

**ORDERED** that the Motion to Dismiss is **GRANTED** as to Plaintiffs' a claim for objection to discharge in the Complaint under 11 U.S.C. § 727(a), and this claim for relief is **DISMISSED**.

It is further **ORDERED** that the parties will be allowed **thirty (30) days** from the date of entry of this Order to file any dispositive motions. If no such motions are filed, the Court will hold a status conference on separate notice to determine whether a discovery schedule is needed or whether this matter should be set for trial on the remaining issue of nondischargeability.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiffs, counsel for the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[12] It appears that the Plaintiffs solely intended to pursue a claim under Section 523(a), rather than Section 727(a), which is what counsel stated at the October Hearing. In any event, this purported claim for relief has not been formally withdrawn and will be dismissed because the Plaintiffs have not pleaded a plausible claim for relief under the provisions of Section 727(a).